IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELVIN J. MILES #157-867           *
       Plaintiff,
v.                                 *   CIVIL ACTION NO. AW-11-3753

DR. ABAYOMI ADEDIRAN               *
       Defendant

**MEMORANDUM**

On December 29, 2011, Kelvin J. Miles, a Maryland state prisoner housed at Roxbury Correctional Institution ("RCI"), in Hagerstown, Maryland filed a civil rights action seeking money damages and injunctive relief mandating he be provided treatment at Hagerstown Hospital for intermittent chest pain. He named Dr. Abayomi Adediran, M.D. as the sole Defendant and indicated that the doctor had sent him to Hagerstown Hospital to determine the cause of chest pain on one occasion in 2009, but thereafter ignored his complaints concerning this aspect of his medical condition.[1] Attached to the complaint is a medical report indicating that a CT scan performed on July 15, 2008, revealed a soft tissue mass in one lung and suggested biopsy to determine whether it was caused by infection or might indicate carcinoma. ECF No. 1, Exhibit 1.

Defendant Adediran, through counsel, has filed a dispositive motion which shall be construed as a Motion for Summary Judgment.[2] ECF No. 6. Plaintiff has responded, ECF Nos. 11, 12 and 15,[3] and Defendant has filed a reply. ECF No. 13. Upon review of papers filed, the

---

[1] Plaintiff also suffers from and receives treatment for schizophrenia and hepatitis C. Other medical problems include a hernia and osteoarthritis. ECF No. 6, Exhibit 14.

[2] The pleadings will be treated as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure because materials outside the four corners of the pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

[3] Plaintiff has responded to Defendant's dispositive motion, but has failed to provide any affidavit, even his own, to contradict Defendant's version of events. Although a court may treat a verified complaint as an affidavit for

court finds an oral hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011).

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all

---

purposes of summary judgment, Plaintiff's complaint has not been verified. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Any other documents the party submits may not be considered on a Motion for Summary Judgment unless they are authenticated by either an affidavit or deposition. *See Orsi v. Kirkwood*, 999 F. 2d 86, 92 (4th Cir. 1993). Plaintiff was given notice of his rights and responsibilities in accordance with the requirements of *Roseboro v. Garrison. See* 528 F. 2d 309, 310 (4th Cir. 1975); *see also* ECF Nos. 10 & 16. In ECF No. 10,

Plaintiff requests appointment of counsel. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. Having considered Plaintiff's filings, the court finds that he has demonstrated the wherewithal to articulate the legal and factual basis of his claims. Furthermore, the issues do not appear unduly complicated. Therefore, there are no exceptional circumstances to warrant the appointment of an attorney to represent plaintiff under 28 § 1915(e)(1).

Plaintiff's request for additional time to file a surreply (ECF No. 14) shall be denied.

inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that the actions of Defendant (or Defendant's failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the plaintiff was suffering from a serious medical need and that, subjectively, the prison staffs were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference

'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001), citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).  Further, "[d]isagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

## Background

Plaintiff, a fifty-seven year old Maryland state prisoner, is housed in the Special Needs Unit at RCI for treatment of chronic mental illness.  ECF No. 6, Exhibit 1.  On April 13, 2006, he was diagnosed with hypertension.  *Id.,* Exhibit 2c.  Plaintiff claims that he complained to Defendant about chest pain in June of 2008, and was sent to an outside hospital for a CT scan. He claims no further treatment was provided until October 26, 2010, despite his complaints of chest pain.

## Analysis

Plaintiff's allegation that he was denied prompt, continuing and appropriate treatment for his hypertension and chest pain is contradicted by the record.  After complaining of chest pain, Plaintiff was sent to Hagerstown Hospital on July 15, 2008, for a CT scan.  ECF No. 1, Exhibit 1.  Six days later, on July 21, 2008, Defendant examined Plaintiff and found a regular heart rate

and rhythm. Plaintiff reported he had no chest pain. Defendant found him to be asymptomatic for hypertension and scheduled a follow-up appointment. ECF No. 6, Exhibits 2 through 2d.

Another physician, Dr. Colin Ottey, examined Plaintiff on August 30, 2008, and found normal heart function. Plaintiff indicated he had no chest pain. *Id.,* Exhibits 4 through 4C. Dr. Erwin Aldana examined Plaintiff on May 27, 2009, and found no cardiac weakness or irregularity. Plaintiff did not indicate chest pain. *Id.*, Exhibit 5.

On October 14, 2009, Dr. Dolph Druckman discussed diagnostic studies with Plaintiff, telling him that recent x-rays did not reflect any heart problems. Dr. Druckman scheduled a second CT scan to confirm the x-ray results, and noted that Plaintiff's hypertension was "benign."[4] Twelve days later, he received a second CT scan.[5] *Id.*, Exhibits 3 through 3c. Medications were provided and adjusted to control Plaintiff's hypertension. *Id.,* Exhibits 3 through 14. Although Plaintiff states in his opposition response that he continues to suffer chest pain and is ignored by Defendant, (ECF No. 11 at 3), the only suggestion of such a problem is summarized in a March 30, 2012 notation indicating Plaintiff complained of pain but no problem was confirmed after an EKG and examination. ECF No. 12, Exhibit 1. Indeed, health care providers have deemed his heart complaints to be "resolved." ECF No. 6, Exhibits 11 through 11 a and Exhibits 12 through 12a; *see also id.,* Exhibit 6, indicating Plaintiff "feels well.".

There is no indication that Defendant (or prison medical personnel) acted with deliberate indifference to Plaintiff's hypertension and complaints of chest pain, or ignored the presence of a lung mass or that continued monitoring of this aspect of his medical condition will not continue.

---

[4] Hypertension is described as persistently high arterial blood pressure. It may have no known cause or could result in association with other primary diseases. Benign hypertension is chronic hypertension of a relatively mild degree that may persist for a long time without any symptoms. *See* http://www.hypertension-bloodpressure-center.com/benign-hypertension.html

[5] Results of this CT scan are not included in the record, but rather are referenced in a December 30, 2010 notation made by Physician's Assistant Crystal Swecker. ECF No. 6, Exhibit 11 a at 1.

Plaintiff clearly disagrees with objective findings that his periodic episodes of chest pain are not as serious as he perceives them to be. Furthermore, additional medical tests, including a December 27, 2010 CT scan, demonstrate that the lung nodule is a benign lesion or scar tissue. ECF No. 6, Exhibit 11a at 1 and Exhibit 14 at 1.  Accordingly, Dr. Adediran  is entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

## Conclusion

For the reasons stated above, Defendant's motion for summary judgment shall be granted.  A separate order follows.

Date:  June 6, 2012                                 /s/
                                                    Alexander Williams, Jr.
                                                    United States District Judge